IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 05-21062
Conference Calendar

CHARLES EDWARD DAVIS

Plaintiff-Appellant

v.

HARRIS COUNTY POLICE DEPARTMENT; HARRIS COUNTY DISTRICT
ATTORNEY; 230TH DISTRICT COURT OF HARRIS COUNTY, TX; STATE
OF TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2297

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Edward Davis, Texas prisoner # 1102008, is appealing the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint as barred by the statute of limitations. Davis argues that the district court denied him meaningful access to the courts to assert his claims that he was imprisoned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on a void judgment.  He contends that the judgment is void because his conviction was in violation of the Double Jeopardy Clause.

Davis has not addressed the district court's dismissal of his § 1983 complaint based on the time-bar.  Arguments must be properly briefed in order to be preserved for appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Therefore, Davis has abandoned the dispositive issue raised by the appeal.  Id.

Davis's appeal is without arguable merit and, thus, is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Davis's complaint as frivolous.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Davis is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.